**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **J. C. BAILEY,** § | |
| § | |
| **Petitioner,** § | |
| § | |
| v. § | Civil Action No. 3:05-CV-2332-L |
| § | |
| **DOUGLAS DRETKE, Director** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| **Respondent.** § | |

**MEMORANDUM OPINION ORDER**

This is a habeas case brought under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On December 30, 2005, the Findings and Recommendation of the United States Magistrate Judge ("Report") were filed. Petitioner filed Petitioner's Objections to the Hon. Magistrate's Findings and Recommendations ("Objections") on January 11, 2006.

Petitioner was convicted of possession of a controlled substance and sentenced to 50 years confinement. His conviction and sentence were affirmed on direct appeal. Here, Petitioner contends that: (1) he received ineffective assistance of counsel; (2) his conviction was the result of evidence obtained through an illegal search and seizure; (3) the trial court improperly denied his motion to suppress; (4) the jury charge was defective; (5) the prosecutor used his peremptory challenges in a discriminatory manner; (6) his sentence was illegally enhanced; (7) the prosecutor failed to disclose

evidence favorable to the defense and made an improper jury argument; and (8) he was denied due process at trial and on appeal.

Petitioner's conviction became final on July 5, 1990. At that time, there was no set time limit for seeking post-conviction relief. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996. AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* 28 U.S.C. § 2244(d)(1)(A). As Petitioner's conviction became final prior to AEDPA, he is accorded one year after AEDPA became effective to file for habeas relief. *See United States v. Flores*, 135 F.3d 1000, 1005-1006 (5th Cir. 1998). This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitioner filed two applications for state post-conviction relief. The first application was filed on January 25, 1994, and denied on April 20, 1994. The second application was filed on August 3, 2005, and dismissed on November 9, 2005. Petitioner filed this action in federal court on November 22, 2005.

The magistrate judge determined that Petitioner's application for habeas relief is barred by the AEDPA statute of limitations, as Petitioner did not seek post-conviction relief in federal court for more than nine years after AEDPA became effective. The magistrate judge recommends, therefore, that the court dismiss Petitioner's application for writ of habeas corpus, as it is time-barred.

Petitioner objects to the Report, contending that the magistrate judge only considered eight of the 18 constitutional claims he raised in his petition for writ of habeas corpus. He also contends that the magistrate judge applied the wrong or incorrect legal standard under AEDPA to conclude that he is barred by the applicable statute of limitations from bringing this action. Petitioner also

maintains that pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004), he is entitled to a new trial because his Sixth Amendment right to confront witnesses who testified against him was violated. He asserts that *Crawford* should be applied retroactively to this case.

The court notes that although Petitioner lists 18 claims in his petition for writ of habeas corpus, the magistrate judge succinctly combines and summarizes them in his Report as a list of eight grounds for relief. Petitioner's objection as to this issue, therefore, must be overruled. Regarding Petitioner's contention that the magistrate judge applied the incorrect legal standard in determining that Petitioner was time-barred under the applicable AEDPA statute of limitation,[*] the court concludes that the correct legal standard was applied, and this objection must be overruled. Regarding the application of *Crawford* to this case, the magistrate judge correctly noted in his Report that the Fifth Circuit has not decided whether *Crawford* may be applied retroactively in collateral review cases. *See Lave v. Dretke*, 416 F.3d 372, 378-79 (5th Cir. 2005). Further, even if *Crawford* is made retroactive to cases on collateral review, the statute of limitations would begin to run on the date *Crawford* was decided, March 8, 2004. *See Dodd v. United States,* _____ U.S. _____, 125 S.Ct. 2478, 2482 (2005). Petitioner did not file his second state writ until August 3, 2005, more than a year after *Crawford* was decided. Petitioner's petition, therefore, is untimely, and this objection must be overruled.

After making an independent review of the pleadings, file and record in this case, the findings of the magistrate judge, and having considered Petitioner's objection thereto, the court determines that the findings and conclusions of the magistrate judge are correct. They are therefore

---

[*]Petitioner's argument in support of this objection was convoluted, confusing and, for the most part, indecipherable by the court. Regardless, the court concludes that the magistrate judge applied the correct standard regarding the AEDPA statute of limitations.

**Memorandum Opinion and Order – Page 3**

**accepted** as those of the court. Accordingly, the court **overrules** Petitioner's Objections to the Hon. Magistrate's Findings and Recommendations; **denies** Petitioner's petition for the writ of habeas corpus; and **dismisses** this action **with prejudice** as time-barred.

**It is so ordered** this 28th day of February, 2006.

Sam A. Lindsay
United States District Judge